# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NOE GARCIA-SANTOYO**, | : CIVIL ACTION NO. 1:09-CV-0790 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN RICARDO MARTINEZ**, | : |
| Respondent | : |

## **ORDER**

AND NOW, this 15th day of July, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, in which petitioner seeks credit toward the service of his federal sentence pursuant to 18 U.S.C. § 3585(b), and this court having confirmed, *via* the Bureau of Prisons Inmate Locator System[1], that petitioner was released from imprisonment on July 10, 2009, thereby rendering the petition moot, see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), and it further appearing that even if the petition were not rendered moot by petitioner's release, it

---

[1] http://www.bop.gov/iloc2/LocateInmate.jsp

would be subject to dismissal for failure to exhaust administrative remedies[2], it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.

2. The Clerk of Court is directed to CLOSE this case.

                                                      S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge

---

[2] Generally, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See id. at 760; see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.") (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981)). Petitioner did not file any administrative remedies while in the custody of the Bureau of Prisons. (Doc. 7-3, Declaration of Michael Sullivan, Department of Justice Senior Attorney assigned to the Bureau of Prisons, at 6, ¶ 12; at 8.) Petitioner does not dispute his failure to exhaust his administrative remedies; he simply contends that utilization of the administrative remedy process would be futile. (Doc. 8, 2.)